UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIANNA M. WORTHEY,           ) | |
|                              ) | |
|     Plaintiff,               ) | |
|                              ) | |
|     v.                       ) | Civil Action No. 04-1244 (RCL) |
|                              ) | |
| JOHN W. SNOW, Secretary,     ) | |
| Department of Treasury,      ) | |
|                              ) | |
|     Defendant.               ) | |
|                              ) | |

## MEMORANDUM OPINION

Before the Court is defendant John Snow's Motion [17] for Summary Judgment.  Upon consideration of the defendant's motion, the plaintiff's opposition, and the defendant's reply, the Court will deny the Motion for Summary Judgment in the Order to follow this opinion.

## BACKGROUND

On October 16, 2003, plaintiff Dianna Worthey, an employee of the Internal Revenue Service, was denied a promotion from the GS-12 pay grade to the GS-13 pay grade.  Ms. Worthey alleges that this denial was part of a pattern of racial discrimination perpetrated against her by Ms. Margaret Nichols, plaintiff's immediate supervisor and an employee of the named defendant.  As a result of this alleged treatment, Ms. Worthey brought this suit on July 26, 2004.

Ms. Worthey claims that under Ms. Nichols' supervision, she suffered adverse treatment, as a result of her race, including:  assignment to shared office space, inferior to office space provided to lower-grade Caucasian employees; failure to be contacted about a day off, resulting in unnecessary travel to work; denial of a due promotion; and hostile treatment in retaliation for

contacting an EEO counselor, including a seven-day suspension from work.  (Am. Compl. ¶¶ 9, 11, 13, 16-23.)

Defendant offers, as a non-discriminatory reason for the adverse actions Ms. Worthey alleges, that Ms. Worthey was denied a promotion as a result of performance problems; had previously shared an office with the same individual, having been, at any rate, allowed the opportunity to exchange offices with another employee; and was suspended for an inappropriate attitude toward her supervisor.  (*See, e.g.*, Answer ¶¶ 9-10.)   Having addressed the thrust of the plaintiff's complaint and the defendant's answer, the Court turns to the standard by which the defendant's Motion for Summary Judgment on this matter will be addressed.

## DISCUSSION

### I.  Legal Standard for Summary Judgment in Discrimination Suits

Summary judgment is appropriate when there exist no genuine issues of material fact suitable for trial.  FED. R. CIV. P. 56(c).  To grant summary judgment is to conclude that no reasonable factfinder could find for the non-moving party, as there exist no material issues of fact that the non-moving party brings to the Court.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986).  In reaching this conclusion, a court should not make credibility determinations or weigh evidence; those functions are for the jury.  The non-movant, however, is to be given the benefit of all reasonable inferences in her favor.  *Id*., at 477 U.S. 255.

A party moving for summary judgment need not foreclose entirely the possibility of the non-movant's assertions; rather, the movant need only show that the non-movant has not established an issue necessary – that is, material – to her case.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  An issue is considered material if its existence might affect the outcome of the suit.  *Anderson*, at 477 U.S. 248.  To render an issue in dispute, a party opposing

summary judgment must do more than rest upon her pleading: she must show that there is sufficient evidence supporting the existence of a dispute to require a factfinder to adjudicate the truth of the parties' differing claims. *Id*. at 248-49.

In a Title VII discrimination suit, a plaintiff's prima facie case that she has suffered discrimination requires a showing that: (1) plaintiff is a member of a protected class of individuals; (2) plaintiff suffered an adverse employment action; and (3) the adverse action creates an inference of discrimination against the plaintiff. *Chappell-Johnson v. Powell*, 440 F.3d 484, 488 (D.C. Cir. 2006) (citing *Brown v. Brody*, 199 F.3d 446, 452 (D.C. Cir. 1999)). If the plaintiff makes such a prima facie case, the burden shifts to the defendant to produce some non-discriminatory reason for the action taken against the plaintiff. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Once the defendant has done so, his motion for summary judgment forces the plaintiff to convince the court that there is a genuine issue of fact as to whether the proffered non-discriminatory reason for the employment action is merely a pretext. In determining whether to issue summary judgment for the defendant, "the court must consider all the evidence in its full context in deciding whether the plaintiff has met his burden of showing that a reasonable jury could conclude that he had suffered discrimination . . . ." *Aka v. Wash. Hosp. Ctr.*, 156 F.3d 1284, 1290 (D.C. Cir. 1998). Having expounded the standard with which it will test Ms. Worthey's Title VII claims, the Court now applies that standard.

**II. Application**

    **A. Worthey's Failure to Advance to Pay Grade GS-13**

Ms. Worthey alleges that she was denied her grade increase as a result of Ms. Nichols' racism. Defendant, however, has provided an amply documented non-discriminatory reason for the denial: deficiencies in Ms. Worthey's performance. (*See* Def.'s Mot. ¶¶ 12-14.) Ms.

Worthey denies that memoranda – the existence of which she admits – state deficiencies in her performance, yet on at least one memorandum, a deficiency is present on the first page. (*E.g.*, Pl.'s Opp'n ¶ 12; *contra* Def.'s Ex. 11.)  In fact, plaintiff gives a blanket denial of several deficiencies discussed in one of the memoranda, yet again, on reading the memorandum, the deficiencies are present as the defendant alleges them. (*E.g.*, Pl.'s Opp'n ¶ 13; *contra* Def.'s Ex. 11.)

Under the *McDonnell Douglas* burden shifting analysis, the onus is now on Ms. Worthey to rebut the defendant's non-discriminatory reason for failing to give her a grade increase. Examining the parties' submissions, the Court finds that there is a triable issue as to whether racial discrimination played a part in the denial of Ms. Worthey's promotion.  The affidavit of Lawann Jackson states the opinion that Ms. Nichols was especially nasty toward African-American employees, an opinion that, as a first-hand observer, Ms. Jackson is qualified to offer. (*See* Jackson Aff. ¶ 10.)  Defendant's contention that Ms. Jackson's testimony in this regard constitutes hearsay is incorrect.  Ms. Jackson is qualified to speak to a general negativity toward African-Americans in the office without having observed *all* of Ms. Nichols' interactions with every person under Ms. Nichols' supervision.  Likewise, the claim that Ms. Jackson's testimony indicates that Ms. Nichols was unpleasant with everyone, and therefore not discriminatory in her behavior, does not provide an excuse for her being allegedly *more* unpleasant with African-American employees.

Had defendant deposed Ms. Jackson, perhaps he could offer some ground for disregarding her remark about Ms. Nichols' behavior.  As it stands, a reasonable jury could conclude that although there is evidence to suggest Ms. Worthey did not merit a promotion, she

might have received one, but for Ms. Nichols' alleged racism.  It is not for the Court to weigh the evidence for or against this proposition; it is for a jury.

Defendant proffers, against the conclusion that Nichols' behavior was grounded in racial bias, that plaintiff was nominated for an award by Ms. Nichols.  Further, the Court notes that the individual who recommended hiring Ms. Worthey, Deborah Butler, expressed doubt as to Ms. Worthey's deserving the disputed raise.  (Def.'s Ex. 9; Butler Dep. 70:7-72:4, Aug. 11, 2005.)  The Court believes these facts are persuasive under the rule in *Waterhouse v. District of Columbia*, 124 F. Supp. 1, 34-5 (D.D.C. 2000), wherein the Court was persuaded that if the same group of management officials who hired an employee fired her shortly thereafter, some prohibited animus presumably was not their motivation for doing so.  That Ms. Nichols would nominate Ms. Worthey for an award – or Ms. Butler would hire Ms. Worthey in the first place – only to deny her a raise on the basis of her skin color seems unlikely.  Nevertheless, as summary judgment demands that non-movants be given the benefit of all reasonable inferences, Ms. Jackson's sworn affidavit leaves pregnant a question of racial bias that must be addressed by a jury.  Accordingly, the Court denies the defendant summary judgment on this issue.

### B.  Worthey's Suspension

The Court first notes that it suspects *Waterhouse's* logic applies here, as well: Ms. Butler was, again, the individual who recommended hiring Ms. Worthey, and Ms. Butler was also the official ultimately responsible for upholding Ms. Worthey's suspension, the most egregious of the alleged retaliatory acts.  The Court also agrees with the defendant's assertion that Ms. Worthey does not effectively challenge the asserted bases for her suspension:  that she was unprofessional and insubordinate.  (*Compare* Def.'s Ex. 23 *with* Pl.'s Ex. M.)  In alleging that these reasons are a mere façade, masking Ms. Nichols' (and by implication, Ms. Butler's)

5

discriminatory behavior, plaintiff offers only conclusory statements that her suspension was issued in retaliation for her meeting with an EEO investigator. (*See, e.g,* Worthey Dep. 192:10-15, 193:5-14, Aug. 4, 2005.)

Nevertheless, to grant defendant summary judgment here would place the Court in an untenable position. The Court concluded that a reasonable jury could find that but for Ms. Nichols' alleged bias, Ms. Worthey would have received a promotion (notwithstanding her alleged performance deficiencies). The Court would be hard-pressed to say that the same but-for question could not be raised here. Consequently, despite the force of defendant's arguments, the Court must again decline to grant defendant summary judgment.

### C. Further Alleged Discriminatory and Retaliatory Actions

The Court agrees with defendant's characterization of plaintiff's other allegations as not rising to the level of adverse employment actions, and consequently not grounding colorable Title VII claims. Written reprimands Ms. Worthey received do not rise to the necessary level, as they do not constitute a "change in grade, salary, or other benefits." *Stewart v. Evans*, 275 F.3d 1126, 1136 (D.C. Cir. 2002) (citing *Childers v. Slater*, 44 F. Supp. 2d 8, 19 (D.D.C. 1999)).

So it goes with much of the other unpleasantness Ms. Worthey alleges abounded in her office, due in large part to Ms. Nichols. As to that unpleasantness, the Court agrees with the defendant that plaintiff cannot raise it for the first time as a "hostile work environment" claim in her opposition to summary judgment. *See Velikonja v. Mueller*, 362 F. Supp. 2d 1, 3 n.2 (D.D.C. 2004). Consequently, the Court considers such material surplusage, not affecting the Court's reasoning as to the previous questions of Ms. Worthey's suspension and her denial of promotion. Those questions must be tried to a jury.

## **CONCLUSION**

For the foregoing reasons, the Court will deny summary judgment for the defendant in the Order to follow.

A separate Order will issue this date.

Signed by Royce C. Lamberth, United States District Judge, on June 20, 2006.